**Carey W. GREEN, Jr., et al.,**
**Plaintiffs-Appellants,**

**Liberty Mutual Insurance Company,**
**Intervenor,**

v.

**CARR TRUCK SERVICE et al.,**
**Defendants-Appellees.**

**No. 73–1646.**

United States Court of Appeals,
Fifth Circuit.

March 15, 1974.

Rehearing Denied May 9, 1974.

Robert L. Dow, Lake Charles, La., William Mac Gann, Houston, Tex., for plaintiffs-appellants.

---

Meredith T. Holt, Lake Charles, La., for defendants-appellees.

Before BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

On a clear August afternoon in 1971 Carey Green's station wagon collided on I-10 just outside of Welsh, Louisiana with Carr Truck Services' pick-up truck. In a trial without a jury the District Judge in this diversity action found both parties negligent, thus denying recovery to the owner-drivers of each vehicle. Damages, however, were granted for the personal injuries of the passengers in plaintiff's car. Finding no clearly erroneous rulings in this case, we affirm.

Carey Green and his family were riding west on this four-lane interstate highway on their way home to Houston. At 65 to 70 miles-per-hour their car was traveling beneath the maximum speed limit set for the road but too fast to avoid defendant's pick-up repair truck when it pulled on the highway from the shoulder.

Up until minutes before the accident, Robert Andrepont, the operator of the pick-up, had been undertaking to tow a car parked on the roadside. The pick-up was stopped in front of the disabled car. Andrepont started his truck and turned directly onto the highway. Even though he saw the Green's car approximately 300 feet behind him, he made little attempt to accelerate, shifting from first to third gears directly.

In his ruling the trial judge determined that there was obvious negligence on the part of Andrepont. But he concluded that Green was negligent, as well, because when he saw the parked car, Carey Green should have anticipated possible danger connected with that vehicle. As a matter of prudence, the trial judge found that Green "should have gone over into the other lane and his failure to do so constituted negligence which was a proximate cause of this accident." It was a lack of visibility beyond or around the parked car that should have led the plaintiff to take precautionary, evasive measures. In fact, the trial judge concluded that Green should have seen the pick-up truck sooner.

The Louisiana Highway Regulatory Act LSA–R.S. 32:81(A) places a burden of reasonable and prudent speed on the driver of a vehicle following another. Even though the "vehicle following" involved in this case is a bit unusual because of its sudden occurrence, we think the Judge was entitled to conclude that plaintiff had breached Louisiana law requiring a following motorist to have his vehicle under control. Plaisance v. Maryland Casualty Company, La.App., 169 So.2d 695, 700.

While there is language in the oral decision rendered by the trial judge from the bench that might suggest other results, we are convinced that the ruling was based on the standard of reasonably prudent behavior required of all drivers which the plaintiff failed to meet in this case and was not, as claimed by plaintiff, an effort to create for Louisiana some new rule requiring a car to pull over to the left-hand lane whenever a vehicle is parked on the shoulder of a multi-lane highway.

Affirmed.